UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF ) | MISC. NO.: | |
| A LENOVO THINKPAD T540P ) | | |
| COMPUTER ) | (UNDER SEAL) | |

**MOTION TO SEAL**

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves this Court to seal the affidavit submitted in support of the search warrant issued in this matter. The Court has the inherent authority to seal this document. *See Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988). The purpose of the Government's request is to avoid the disclosure of information concerning the ongoing investigation.

The affidavit submitted in support of the search warrant contains a summary of the investigation. The individuals and companies referred to in the affidavit have not yet been indicted and are targets of an ongoing investigation. To reveal the fact that these individuals are targets would significantly hinder the investigation. More specifically, agents of the Department of Energy are actively monitoring the conduct of the individuals and companies; if they become aware that they are targets of an investigation, they are likely to change or further obfuscate their current behavior. Premature disclosure would give those individuals the opportunity to destroy or tamper with evidence, change their patterns of behavior, and improperly influence or intimidate potential witnesses. For these reasons, the Government submits that the interests in sealing the affidavit outweigh the common-law public right of access and that sealing is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Government further contends that any less restrictive measure, such as redacting portions of the document, would not serve to protect

the interests of the Government or the public. If the information concerning the investigation and the unindicted individuals were to be redacted from the affidavit, little information would remain, as the probable cause for the search warrants depends almost entirely on the disclosure of specific information about the targets and their companies. *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of search warrant affidavit was justified when "[v]irtually every page of the of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant").

Based on the foregoing, the Government requests that the affidavit in support of the search warrants be filed under seal except that working copies should be made available to the United States Attorney's Office, the United States Department of Energy, and any other law enforcement agency designated by the United States Attorney's Office.

Respectfully submitted

SHERRI A. LYDON
UNITED STATES ATTORNEY

By: s/ T. DeWayne Pearson
T. DeWayne Pearson (#10859)
Assistant United States Attorney

Columbia, South Carolina
May 25, 2018